Daniel, Judge.
 

 The act of Assembly, passed- in the year 1814, declares that “ all examinations upon oath to accuse or charge any man of being the father of a bastard child, shall be had and taken within three years next after the birth of said child and not after.” In this case, the examination of the mother does not disclose the age of the child. ■ There is no formal judgment of the magistrates entered on the proceedings, declaring that the defendant is the father of the Rastard, but he is bound over to Court by two justices, as is set forth in the case. .In the County Court, the defendant moved the Court to quash the proceedings for informality. The Court over-ruled fee motion. The defendant did not appeal from this decision, and carry the case to the Superior Court in the nature of a writ of error, where the question of law might have been decided; but he prayed that an" issue might be made up under the act of 1814, whether or not he whs in fact the father of the bastard. This mo.tion was granted; and an issue was accordingly made up. By an act of Assembly the County Court of Haywood was deprived of the power of trying issues by a jury; and the issue was sent into the Superior Court of that county, agreeable to the provisions of the said act, for trial. When the issue came on for trial, the defendant again moved the Judge to quash the pro
 
 *370
 
 ceedings ; which motion the Judge over-ruled. The issue was then tried; and the mother was examined for the state» and deposed amongst other things, that the child was not a month old when her examination was taken before the justices. The jury returned their verdict, that the 'defendant was the father of the child. . The Court garve judgment on the verdict; and ordered a writ
 
 of pro-cedendo
 
 to issue to the County Court to take the defendant’s bond, and make the usual orders for annual payments, &c. Prom this judgment, the defendant has appealed to this Court.
 

 before justices in cases^ tere ofmat" police only, favourably construed which are criminal nature!
 

 The defendant, by omitting to appeal from the decision of the Cpunty Court, and taking the issue which he did,, which was obliged to be sent into the Superior Court to be tried by a jury, waived, as it seems to us, any further objection on the score of «he examination of the mother of the bastard, not containing the age of the child. That question could not fairly arise before the Superior Court as the case then stood, unless the state had offered her examination taken before the justices as
 
 prima facie
 
 evidence on the trial of the issue under the act of 1814. The defendant was before the Court; an issue had been made up at his instance and for his benefit; the mother of the child was examined as, a witness,
 
 viva voce
 
 on the trial, and proved facts sufficient to authorize the jury to give a verdict against him, and to authorize the Court to pronounce such a judgment as the law prescribed. There is¡ nothing in the case to warrant us either to arrest the judgment or grant a new trial. Before we quit the case, perhaps it may not be improper to remark, that there is some difference of construction by the Courts in cases of
 
 orders
 
 of justices in bastardy, and convictions, of justices under penal statutes and for petty offences.
 
 Orders
 
 of ¿ustiees *n bastardy cases> are police regulations, having for their object, solely an indemnity of the county from money liabilities. They do not partake of the nature of criminal proceedings. Therefore, every intendment will be made to support an order of justices in bastardy. 3 T. R. 496. 3 East’s Rep. 58. Whereas on
 
 convictions
 
 before justices, every thing requisite to support a conviction,
 
 *371
 
 should appear on the conviction itself. 6 T. R. 538. *' 4 Com. Dig. 944, Day’s edition.
 
 Convictions
 
 before justices are generally for petit offences which partake of a criminal nature. Generally, the offences are created, and the jurisdiction to the justices is given by acts of the legislature. The Court thus created, being an inferior one and of^a limited jurisdiction, proceeding not according to the course of the common law; it has been invariably the practice, in favour of liberty and law, for the Superipr Courts of general superiptending jurisdiction, to hold these inferior tribunals to strict rules, when they attempt to exercise a jurisdiction in any matter savouring of a criminal nature.
 

 The opportunity afforded by our law to the defendant to take an issue, furnishes additional reasons, for making all reasonable intendments in support of the order. ¿It is to be recollected, that the defendant’s objection is, that the -order was made upon insufficient proof. If he will not rest his defence exclusively upon that, but proceeds to an issue and leaves the former evidence and such other as may be offered on each side to the jury, the defective proof is completely supplied by the verdict against him. In every point of .view, therefore, the judgment ought to be affirmed.
 

 Per. CüRiam. Judgment affirmed.