Nash, C. J.
 

 The question submitted in this case grows out of the bastardy laws, which are purely municipal regulations adopted to protect the public from the burthen, which would otherwise be thrown upon it. A bastard is called by the law
 
 filius nullius: A
 
 legal absurdity. With much more propriety he may be called
 
 filius commimis,
 
 for if the real father cannot be discovered, and the mother be unable to support him, he becomes the son of every man in the community; every one of whom is bound to contribute to his support, until he is able to take care of himself by being bound out. The bastardy laws then are but municipal regulations, and the mode pointed out for subjecting the culprit is therefore not a criminal, but one in the nature of a civil proceeding. The community says to the marauder, you have no right to amuse yourself at the public expense : If we can catch you, we will not punish you, but we will compel you to do that, which every principle of honor, justice and humanity, bind you to do.
 

 The charge of being the father of a bastard child is easily made, and sometimes it may be very difficult for the individual who ought to be the best informed on the subject, to satisfy her own mind who is bound for the paternity. The law,
 
 *15
 
 therefore, with a praise-worthy attention to the public welfare, says to the individual charged, if you can show to a jury of twelve men, who are, to a certain extent, interested in fixing the fact on you, that you could not be the father, we will let you off and support the child ourselves.
 

 To enable the person charged to avail himself of this rea-* sonable and just proposition, the act of 1814, Rev. Stat. chap. 13, s. 3,4, provides, that the defendant shall be entitled to have an issue made up to try the fact of his paternity. As the act was originally passed, the 2nd section directed that the trial of the issue should be at the cost of the defendant. In the Revised Stat., 1836, that section is omitted, and this provides, that if the jury shall, upon the trial of such issue, find that the person so charged is the father, he shall give bond, &c., and shall be liable for the eosts of such issue — a clear expression of the Legislative will, that the defendant, if acquitted, should not be taxed with the costs of the State. The common law gave no costs, and by the general statute, no provision is made for their payment. In the case now before us, the defendant was declared by two successive juries not to be the-father of the child of the relator, and his Honor, the presiding Judge, either overlooking the fact, that the 2nd section of the act of 1814 was repealed, or considering the proceedings of a criminal character, gave judgment against the defendant for the costs o-f the States in this there is error. That the proceeding is not in its nature criminal: See
 
 State
 
 v.
 
 Carson,
 
 2 Dev. and Bat. 370;
 
 State
 
 v.
 
 Pate,
 
 Bus. Rep. 244;
 
 State
 
 v.
 
 Brown,
 
 1 Jones’ Rep. 129.
 

 Judgment is reversed as to the costs of the State.