Nash, C. J.
 

 The case agreed states, that Joseph L. Turner, was charged on oath by Rebecca Cate, with being the father of a bastard child, with which she was then pregnant; and upon a warrant, duly issued, he entered into the usual recognizance to appear at the February term, 1855, of Orange County Court. He appeared, and at his instance, an issue was made up to try the question of paternity. The issue was not tried at that term, but was continued to May term of the Court following, and Turner entered into a recognizance, with James H. Cristie and George Wright, as his sureties, for his appearance at May term following. At May term, Turner appeared, and the trial of the issue being again continued, he was recognized in the sum of $200, with George Wright and William H. Thompson, the defendant, as his sureties, to appear on Thursday of August term succeeding. Turner appeared on the Thursday of August term, when the issue was
 
 *367
 
 submitted to a jury, and found against him. He was not prayed into custody; but on Saturday of the term, he was called, and failing to appear, judgment
 
 nisi
 
 for the amount of his recognizance, was rendered against him and his sureties. The
 
 sci. fa.
 
 in this case, was issued to enforce the judgment. It was returnable to November term, next ensuing, of said Court. Turner made his appearance and surrendered himself, in open Court, in discharge of his bail.
 

 The only question submitted to this Court, is as to the effect of the surrender of Turner.
 

 The mistake here seems to have been, in considering proceedings under the bastai’dy Actas criminal proceedings, whereas, they are civil in their nature. The true test of the difference between a criminal suit at the instance of the State, and a civil suit carried on in the name of the State, is, whether the act complained of, will support an indictment. If it will, the proceeding, must be by indictment; if it will not., but an action is required, it is a civil suit.
 
 State v.
 
 Pate, Busb. 244.
 

 Being a.civil suit, and his sureties being, in effect, his bail, Turner had a right, at any time before the judgment, to surrender himself in discharge of his sureties. In the Superior Court, judgment was rendered against Joseph L. Turner, Geo. Wright and William H. Thompson. The latter alone appealed to this Court.
 

 Per Curiam.
 

 Judgment appealed from reversed, and judgment entered for the defendant, according to the case agreed.