*80
 
 Battle, J.
 

 The only
 
 question presented in
 
 this case isr whether the issue made up to- try the paternity of a bastard child, under the 4th section- of the 12th chapter of the Revised. Code, is a ‘•‘•criminal prosecution or plea of the State,” so-as to subject a witness summoned to attend the trial thereof, and failing to do so, to a forfeiture of $80, as prescribed in the 31st chapter, section 60, of the same Code ; or is it a “ civil suit,” so as to subject him to the lighter forfeiture of $40, as provided in the same chapter and section. The counsel for the plaintiff,, admits that such an- issue is not a criminal! prosecution, but contends that it is a pl'ea of the State, and not a “ civil suit,” or a “ civil case.” The counsel insists that there is a well-settled distinction between a criminal prosecution and a plea of the State ; for which, he has referred' us- to Hale’s Pleas of the Grown-, page 1st, of the Proemium;. Jacob’s Law Dictionary; Tit. Pleas of the Crown; 3 Blac. Com. 40. Without enquiring what the- alleged distinction is, and whether it is well-founded, we consider that it is settled in this State, by judicial authority, that an issue in bastardy, is in every respect, a civil suit, case, or proceeding.
 

 The first ease in which a question arose as to the nature of proceedings in bastardy was,
 
 State
 
 v. Carson, 2 Dev. and Bat. Rep. 370, where it was said, “ that there is some difference of construction by the courts in cases of
 
 orders
 
 of j nstices in bastardy, and
 
 convictions
 
 of justices under penal statutes and for petty offenees.
 
 Orders
 
 of justices in bastardy cases are police regulations, having for their object, solely,, an indemnity of the county from money liabilities. They do not partake of the nature of criminal proceedings. Therefore, every intendment will be made to support the order of justices in bastardy; 3 T. Rep. 496 ; 3 East’s Rep. 58.” The question arose again in the
 
 State
 
 v. Pate, Busbee’s Rep. 244, in which the distinction between a criminal and a civil suit is pointed out, and it was decided that an issue in bastardy was a civil suit, so as to entitle the State to challenge four jurors, peremptorily, under the Revised Statutes, chap. 31, sec. 37, which gave to “ each party, in all civil suits,” such right. (See also Rev.
 
 *81
 
 Code, chap. 31, sec. 35.) In the case of the
 
 State
 
 v. Brown, 1 Jones’ Rep. 129, it was said that it was not the object of the statute upon the subject of bastardy, “ to punish the father of a bastard child for having begotten it, but the purpose was solely to prevent its support and maintenance from becoming a county charge. The proceedings, under the act, are not, therefore, criminal in their nature, but are mere police regulations, adopted for the purpose above indicated.” The last case upon this subject, which has come before the Court, is that of the
 
 State
 
 v. Thompson, 3 Jones’ Rep. 365. In that case, it was held that the recognizance for his appearance, entered into by a defendant and his sureties in a bastardy proceeding, was in the nature of a bail-bond in a civil action, and that the defendant had a right, after having been called out, to surrender himself in discharge of his bail, at any time, before a final judgment against him on the
 
 scire facias.
 

 These cases show, clearly, that the proceedings against the reputed father of a bastard child, instituted under our statute, to subject him to its maintenance, are civil and not criminal in their nature, and that they have been so regarded, both in their direct and collateral consequences. If they are so considered, in relation to the sureties or bail for the appearance of the putative father, and to the jurors who may sit on his trial, we cannot imagine any good reason why they should be taken to be otherwise in relation to the witnesses whom he may have summoned to attend that trial.
 

 Per Curiam,
 

 Judgment affirmed..