Battle, J.
 

 It is clearly settled in this State that a man may be charged, under the act of 1741, Rev. Code, c. 12, s. 1, with the maintenance of a bastard child begotten upon a married, as well as upon a single, woman.
 
 State
 
 v.
 
 Pettaway,
 
 3 Hawks, 623;
 
 State
 
 v.
 
 Wilson,
 
 10 Ire., 131. Hence it must be unnecessary for the proceedings to show affirmatively that the mother of the child was a single woman, it being sufficient for it to appear from such proceedings that the child was adjudged by the justice to be a bastard. If the mother be a married woman, the reputed father may prove the fact before the justice, and insist that the child was bom in wedlock, and therefore not a bastard, and the justice must so find unless it be proved to his satisfaction that the child was born under such circumstances as to show that he or
 
 *347
 
 she could not have been begotten by the husband. So if the woman state in her examination before the justice that she is a married woman, the question will be raised, and must be decided by him, whether the child was a bastard or not; but if it be not stated by the mother, or proved by the reputed father, that she is a married woman, the adjudication that the child was a bastard will be a matter of course. In the case of the
 
 State
 
 v. Herman, 3 Ire., 502, the warrant did not show whether the woman was married or single; but in her examination before the justice she stated that she was then a married woman. The proceedings were after-wards quashed by the County Court, because it appeared that, though she swore that she had been delivered of a bastard child, of which the defendant was the father, and that when the child was begotten she was a single woman' but had afterwards married, she did not state whether the child was born before or after her marriage. This order to-quash was reversed by the Superior Court, but affirmed by this court, and in giving the reason for so doing not a word-of objection is urged against the sufficiency of the warrant because .of Its omission to state whether the woman was married or single.
 

 There is no presumption of law that a woman is married rather than single, and when the proceedings in bastardy before a justice show that a child has been adjudged to be a bastard, the reputed father cannot be in any way prejudiced by its being assumed that the mother is a single woman, until it is made to appear by her statements or his proof that she is married.
 

 There is no error in the judgment of the Superior Court and it must be affirmed.
 

 ■ Per Curiam. Judgment affirmed.