STATE, *ex. rel.* DONALDSON *v.* WALDROP.

Justices must recognize defendants in bastardy cases to appear before the Superior Courts. County Commissioners have no jurisdiction of such cases, nor any judicial powers whatever.

MOTION to vacate a recognizance, heard before *Cannon, J.,* at Spring Term 1869, of the Superior Court of CHEROKEE.

This was a proceeding commenced in the usual form before a Justice of the Peace, in which the relator charged the defendant with being the father of her bastard child. The Justice bound him over to the next term of the Superior Court for the County, when he appeared and moved to vacate the recognizance, on the ground that it should have been returnable before the County Commissioners, and that the Superior Court had no jurisdiction of the case.

The Judge refused the motion, and the defendant appealed.

*Attorney General,* for the State.
No counsel *contra.*

RODMAN, J. (After stating the case as above.) It is diffi-cult to imagine a reason for supposing that the County Com-missioners, had any jurisdiction in the premises. They have

no judicial powers at all. Proceedings in bastardy are in the nature of a civil action. *State ex. rel. Adams* v. *Pate*, Bus. 244. The Superior Court have exclusive original jurisdiction in all cases when it is not given to some other Court. Const. Art. IV, Sec. 15. Chapter 12 of the Revised Code concerning bastardy is still in force, except so far as it has been incidentally modified by the change in the system of Courts. The Judge was right in refusing the motion. Judgment that the State recover costs in this Court.

Let this opinion be certified.

PER CURIAM.                              Order accordingly.