STATE on the relation of MARY HICKS v. KIRBY HIGGINS.

Proceedings in Bastardy are not *quasi* criminal; and the record of such proceedings may be amended in the Superior Court, as are records in other civil cases amended.

(*State* v. *Allison*, Phil. 346; *State* v. *Ledbetter*, 4 Ired. 242; *State* v. *Thomas*, 5 Ired. 366; and *Carson's case*, 2 Dev. & Bat. 368, cited and approved.)

PROCEEDINGS IN BASTARDY, tried before his Honor, *Judge Mitchell*, at the Fall Term, 1874, of ALLEGHANY Superior Court.

Upon the trial below, the defendant moved to quash the proceedings, for defects apparent on the examination, and also because the Superior Court had no jurisdiction of the case, in its present condition.

The examination was in the words:

" STATE OF NORTH CAROLINA, }
        Alleghany County, } Glade Creek Township.

This day, Mary Hicks personally appeared before me, Wm. H. Joines, an acting Justice of the Peace in and for said county, and made oath that she was delivered of an illegitimate child on the 15th of April, 1871; and that Kirby Higgins is the putative father of it.

                                        MARY HICKS.
Sworn to this 13th April, 1874.
                                WM. II. JOINES, J. P."

The objections, as insisted by defendant, to said examination, were:

1. It did not state that the relator was a single woman;

2. It did not state that she was a citizen or domiciled in Alleghany county;

3. It did not state that the child was born in Alleghany county, or liable to become a county charge.

The Justice who took the examination testified, that he prepared the affidavit before the relator swore to or signed it; and that no other facts were sworn to by her on such examination, except those appearing in the affidavit. He further stated, that of his own knowledge, he knew that she did reside in said county of Alleghany.

Pending the defendant's motion to dismiss, the Solicitor for the State moved that the Justice be allowed to amend his proceedings, and to re-examine the relator, then present, and to insert such other facts in the examination as were deemed necessary to perfect it.

This motion of the Solicitor was resisted by the defendant:.

1. Because the power of the Superior Court did not extend so far as to require the Justice to renew his examination of the woman.

2. That more than three years had elapsed since the birth of the child, before the motion was made to re-examine.

His Honor overruled the motion to quash, and allowed the motion of the Solicitor to allow the Justice to amend upon a re-examination.

From this ruling of his Honor, the defendant appealed.

No counsel for appellant in this Court.
*Attorney General Hargrove*, contra.

SETTLE, J. All of the exceptions taken by the defendant to the rulings of his Honor in the Superior Court have been before this Court in other cases, and have been decided adversely to the view now urged by the defendant. It is not necessary under the bastardy law to show affirmatively that the mother of the child was a single woman. *State* v. *Allison*, Phil. Rep., 346.

If the supposed father moves to quash, for any defects, which may, consistently with the truth, be supplied at the instance of the State, it is competent to allow the necessary amendment. *State* v. *Ledbetter*, 4 Ired., 242 ; *State* v. *Thomas*, 5 Ired., 366.

We suppose the defendant denies the power of the Court to make the amendment, under the idea that proceedings in bastardy are *quasi* criminal in their nature, but such is not the case. In *State* v. *Carson,* 2 Dev. & Bat., 378, it is said, " Orders of Justices in bastardy cases are police regulations, having for their object solely an indemnity of the county from money liabilities. They do not partake of the nature of criminal proceeding."

The judgment of the Superior Court is affirmed. Let this be certified.

PER CURIAM.                                    Judgment affirmed.