STATE v. CATO BRYAN.

*Bastardy—Costs—Discharge of Insolvents.*

1. Neither the judge nor solicitor has the right to allow a defendant in bastardy proceedings to take the insolvent's oath and obtain his discharge without remaining in prison for twenty days.

2. It is a novel and untenable proposition that the allowance to the mother of a bastard should be paid by the county when the father takes the insolvent's oath.

3. Proceedings in bastardy being altogether of a civil character, when the defendant is discharged on taking the oath of insolvency, the law as to costs in civil actions prevails, whereby the county for whose benefit the proceedings are instituted is liable for the costs of the state, but not for the solicitor's fees nor for the costs of the defendant.

(*State* v. *Davis*, 82 N. C., 610; *State* v. *Pute*, Busb., 244; *State* v. *Higgins*, 72 N. C., 226; *State* v. *Hickerson, Ib.*, 421, cited and approved.)

PROCEEDING in Bastardy, heard at January Special Term, 1880, of WAKE Superior Court, before *Avery, J.*

This proceeding was commenced before a justice of the peace to subject the defendant to the maintenance of an illegitimate child, charged to have been begotten by him upon the body of one Jenny Green. The case was tried by a jury in a justice's court, and the defendant was found by the verdict of the jury to be the father of the child, and he was fined ten dollars and adjudged to pay the mother of the child fifty dollars and the costs of the proceeding, from which judgment he appealed to the superior court of Wake. And at said term he admitted the paternity of the child, and with the consent of the solicitor, was allowed to take the oath of insolvency and be discharged. The solicitor for the state then moved that the county of Wake be ordered to pay the mother the sum of fifty dollars allowed by the justice for the maintenance of the child, but the motion was overruled and the county was ordered by the court to

pay one-half of the costs of the clerk and sheriff and one-half of the solicitor's' fee, from' which ruling the state appealed.

*Attorney-General*, for the State.

No counsel in this court for defendant.

ASHE, J. There is error. In the first place the defendant should not have been allowed to take the oath of insolvency without remaining in prison for the space of twenty days. The solicitor had no right to consent to his discharge, and the judge no power to dispense with the imprisonment. See Bat. Rev., ch. 60; §§ 26–31 ; Acts 1875, ch. 11 ; *State* v. *Davis*, 82 N. C., 610.

The motion of the solicitor to charge the county with the fine of fifty dollars to be paid to the mother of the child for its maintenance, was a novel proposition. If the putative father was unable to give the bond for the indemnification of the county against the maintenance of the child and the mother was unable to support it, its condition was just the same as that of the other poor of the county, to be supported like them in the manner prescribed by law. Its being the illegitimate offspring of an insolvent father who had escaped the responsibility of its support through the tender regard of the law for the personal liberty of the citizen, gave it no privileges over the other unfortunate paupers of the county.

In overruling this motion there was no error; but there was error in the ruling of the court that the county of Wake should pay one-half of the costs of the clerk and sheriff and one-half of the solicitor's fees. The order seems to have been made under a misconception of the nature of the proceeding. Proceedings in bastardy are not criminal nor even *quasi criminal*, but are civil proceedings; and the law as to the costs therein is the same as in other civil actions or proceedings. *State* v. *Pate*, Busb ,. 244 ; *State* v. *Higgins*, 72 N.

C., 226; *State v. Hickerson, Ib.*, 421.  This being a civil pro-
ceeding instituted in the name of the state for the benefit
of the county of Wake and the defendant having been al-
lowed to take the oath of insolvency and be discharged, the
county of Wake is liable for the costs of the state in this
behalf expended, but not for the solicitor's fees or any part
thereof, nor for the costs of the defendant.

Let this be certified to the superior court of Wake county,
that further proceedings may be had in conformity to this
opinion.

Error.                                                         Reversed.