STATE v. THOMAS J. WILKIE, Junior.

*Proceeding in Bastardy—Appeal.*

A proceeding in bastardy being a civil action, either party has the right of appeal as a matter of course, under the rules prescribed for perfecting appeals in other civil cases.

(*State* v. *Pate*, Busb., 244, cited and approved.)

33

PROCEEDING in bastardy commenced in a justice's court and heard on appeal at Spring Term, 1881, of CHATHAM Superior Court, before *Avery, J.*

As appears by the return of the justice of the peace, the warrant against the defendant issued on the 11th day of February, 1881, and it was returned and a trial had on the 22nd of the same month. The jury found the issue in favor of the defendant, and the state appealed to the superior court. The defendant was recognized for his appearance at the next term of the superior court, but not until the first of March following. When the case was called for trial in that court, the defendant's counsel moved to dismiss the appeal on the ground : (1) That as the jury in the justice's court had found the issue of paternity in favor of the defendant, he could not again be tried upon the same charge. (2) That as the recognizance given by defendant for his appearance bore date the first of March, the court must infer from that circumstance that the appeal was taken after the day of trial and the discharge of defendant. The court declined to allow the motion, and the defendant excepted, and after verdict and judgment against him, appealed to this court.

*Mr. John Manning* appeared with the *Attorney General,* for the State.

*Mr. J. H. Headen,* for defendant.

RUFFIN, J. Proceedings in bastardy are mere police regulations, and so far as they constitute any action at all, it is a civil action. This has been so often decided and seemed to be so well understood by the profession and the country, that we had not supposed it would ever again be called in question.

Being a civil action, an appeal lies, as a matter of course, at the will of either party ; and that the state has such right is shown by the case of *State* v. *Pate,* Busb., 244, in which

two juries, the one in the county court and the other in the superior court, had found the issue in favor of the defendant.

The return of the justice states that the appeal was in fact taken at the trial, and we cannot see the propriety of permitting his statement in this regard to be controlled by the date of the defendant's recognizance. But if we should, it could not change the result in this case; for, as in all other civil cases, the party appealing has ten days to serve notice of and perfect the appeal; and there is no pretence that it was not done within that time.

Several other exceptions were argued by counsel in this court, but as they do not appear by the record to have been taken in the court below, we have not felt at liberty to consider them. There is no error. Let this be certified to the superior court of Chatham to the end that the cause may be proceeded with according to law.

No error. Affirmed.