STATE v. R. L. CROUSE.

*Proceeding in Bastardy—Evidence—Collateral Matter.*

1. The act of 1879, ch. 116, in reference to proceedings in bastardy, repeals only so much of the former law as gave the magistrate the right to initiate the same upon his own knowledge or information, and leaves it optional with the mother whether she will institute proceedings against the father, even before the birth of the child. But if the child after its birth is likely to become a county charge, proceedings may be taken by a county commissioner.

2. An issue of bastardy being a civil suit, either party has the right of appeal, and no notice thereof is necessary where the adverse party is in court. Act 1879, ch. 92, §§ 6, 8.

3. The party eliciting evidence on cross-examination, which is collateral and not material to the issue, is bound by the answer of the witness.

(*State* v. *McIntosh*, 64 N. C., 607 ; *State* v. *Pate*, Busb. 244 ; *Richardson* v. *Debnam*, 75 N. C., 390 ; *Clark* v. *Clark*, 65 N. C., 655, cited and approved.

PROCEEDING in bastardy tried at Fall Term, 1881, of GASTON Superior Court, before *Avery, J.*

Verdict for the state, judgment, appeal by the defendant.

*Attorney General*, for the State.
*Messrs. Schenck & Cobb*, for the defendant.

ASHE, J.   This proceeding was begun before a magistrate, who upon the examination of A. J. Pasour, who swore that she was with child, that the child when born will be a bastard and may be chargeable upon the county, and that the defendant did beget the said child, issued a warrant against the defendant, and upon his appearance postponed the investigation until the birth of the child, when the case was tried before the said magistrate and the defendant acquitted.   From the judgment the said Pasour appealed to the superior court ; and in that court there were numerous exceptions taken by the defendant.

Before the case was submitted to the jury, he moved to dismiss the proceeding :

1. Because the warrant was issued before the child was born.

2. Because the prosecutrix had no right of appeal to the superior court, and

3. Because there was no notice of appeal in the papers.

The first exception involves the question of jurisdiction, and is founded upon the construction which the defendant's counsel has given to the act of 1879, ch. 116 ; but it is an improper construction of the statute. It provides "that no justice of the peace shall issue any warrant in bastardy cases except on the voluntary affidavit of the mother of the child, or the affidavit of one of the board of county commissioners that said bastard child is a pauper and about to become chargeable to the county ;" and that all laws and clauses of laws in conflict with this statute are hereby repealed."

Under the law as provided in Battle's Revisal, ch. 9, § 1, any justice of the peace upon his own knowledge, or information made to him, that any single woman within his county was big with child or had been delivered of a child or children, might cause her to be brought before him to be examined on oath respecting the father, and if she should accuse any man of being the father, the justice might issue a warrant against him to answer the charge.

The act of 1879 was intended especially to repeal so much of that section as gave to the justice the right to initiate proceedings of this kind, but to leave it entirely to the option of the woman whether she would institute proceedings against the father ; unless after the birth of the child it should appear that the child is a pauper, or was likely to become a charge to the county, and in that case proceedings may be taken at the instance of the commissioners of the county. This is the only alteration of the law with regard

to bastardy, effected by the act of 1879, and all we think that was intended to be effected. If the woman sees proper to do so, she may now, as heretofore, institute proceedings against the father before the birth of the child. There is nothing in the act of 1879 to change the law in this respect.

The use of the word *mother* in that act, while that of *woman* is used in all the previous acts in relation to proceedings in bastardy, possibly led the defendant's counsel into an erroneous construction of the act. He has probably taken the word "mother" as used in common parlance to mean a woman who has borne a child, but in legal intendment she is as much a mother during the period of gestation as after the birth of the child. She is recognized by the law and called mother whenever she has been mentioned in those cases affecting the rights of her unborn child—as for instance, an infant *in ventre sa mere*, or in the *mother's* womb, is supposed in law to be born for many purposes. It is capable of having a legacy, or the surrender of a copyhold estate, or a guardian appointed to it. 1 Blk. Com., 130. "Every legitimate infant *in ventre sa mere* is considered as born for all beneficial purposes." Co. Litt., 36. And in *Musgrave* v. *Parry*, 2 Vernon, 710, it is held that a *mother* may justify detaining writings on behalf of a child *in ventre sa mere.* The person who begets the child, throughout the chapter on bastardy, (Bat. Rev., ch. 9,) is called *father* even before its birth ; and if he who begets the child is styled father even before its birth, surely she upon whom it is begotten is not misnamed by the appellation of *mother.*

The second and third exceptions were properly overruled. By the second section of the act of 1879, ch. 92, exclusive original jurisdiction is given to justices of the peace, "of all bastardy proceedings and issues arising thereunder." And it has been repeatedly decided by this court, that an issue of bastardy is a civil suit. *State* v. *McIntosh,* 64 N. C., 607 ;

*State* v. *Pate*, Busb., 244. And the right of appeal to the superior court is given to the party against whom judgment is rendered in any civil action in a justice's court, by the act of 1877, ch. 251, § 6; and by section 8 of the same act, it is provided that no notice of appeal is necessary when the adverse party is present "at the time of the motion for appeal." *Richardson* v. *Debnam*, 75 N. C., 390.

The next exception taken by the defendant is to the ruling of the judge upon the rejection of evidence. After the case was put to the jury, the solicitor offered in evidence the examination of the woman taken before the magistrate, and the defendant objected on the ground that the magistrate had no right to take her examination before the child was born. This objection has already been disposed of by the opinion we have expressed upon the first exception.

The prosecutrix, who was introduced as a witness for the state, swore that the defendant was the father of the child, and that it was begotten between the second and third weeks of July, 1880, and was born on the first of April, 1881. After the defendant was examined in his own behalf and had contradicted the testimony of the prosecutrix, one Miller was put on the stand and testified that he had had connection with her on the 30th of June, 1880, and the defendant's counsel then proposed to prove by him that he had connection with her at various times before the 30th of June, 1880, in order to contradict her testimony that she had not had connection with the witness *at any other time*, but the solicitor objected on the ground, the testimony the defendant proposed to contradict was not material to the issue, and as to that the defendant was bound by her answer. The objection was sustained, and properly so, upon the ground assigned by the solicitor. *Clark* v. *Clark*, 65 N. C., 665.

There is no error. Let this be certified, &c.

No error.                                    Affirmed.