### THE STATE v. MARTIN PEEPLES

*Bastardy—Presumption.*

1. It is not necessary that a bastardy proceeding should show affirmatively that the mother of the bastard was a single woman—that fact will be presumed.

2. The fact that the mother of the alleged bastard was married, only raises a presumption that the child was legitimate.

3. Where it appeared that the affidavit upon which a bastardy warrant issued, was sworn before a Justice of the Peace by the mother, it will be presumed to have been voluntarily made, nothing to the contrary being shown.

BASTARDY PROCEEDING, tried before *Bynum, J.*, at February Term, 1891, of FORSYTH Superior Court upon an appeal from a Justice's Court.

The State introduced the affidavit of the woman upon which the warrant had been issued, and rested its case. The defendant introduced no evidence, and asked the Court to instruct the jury that the affidavit was insufficient and not a *prima facie* case. The Court refused, and instructed the jury to return a verdict against the defendant, and entered judgment thereon. Defendant appealed, and assigned as exceptions—

1. That it does not appear that the affidavit of the woman was voluntary.

2. That it did not appear by the affidavit that the mother was a single woman.

3. That the warrant did not conclude "against the statute in such case made and provided."

*The Attorney General* and *Mr. R. B. Glenn*, for the State.
*Mr. J. S. Grogan*, for the defendant.

STATE *v.* PEEPLES.

CLARK, J.: 1. An inspection of the affidavit shows that it was sworn out by the woman before a Justice of the Peace. It appears to be voluntary, and there is nothing to indicate the contrary.

2. It is not necessary that it should appear affirmatively that the woman is a single woman. If she is a married woman, that is a matter of defence, and only then to the extent of *r*aising a presumption that the child is legitimate. *State* v. *Pettaway*, 3 Hawks., 623. There is no presumption of law that she is married rather than single; indeed, "it is to be assumed that she is a single woman until it is made to appear that she is married." *State* v. *Allison*, Phil., 346; *State ex rel. Hicks* v. *Higgins*, 72 N. C., 226. In a very recent case, *State* v. *McDuffie*, 107 N. C., 885, which was an indictment for fornication and adultery, it is held that the single state being the first in order of time, is presumed to continue till a change to the married state is shown.

3. The proceeding is, in the main, civil in its nature (*State* v. *Carson*, 2 D. & B., 368; *State ex rel. Adams* v. *Pate*, Busb., 244; *State* v. *Higgins*, *supra*), and the conclusion "against the form of the statute," etc., is unnecessary. But were it a criminal action such conclusion was mere form, and immaterial, as has been repeatedly held. *State* v. *Sykes*, 104 N. C., 694; *State* v. *Kirkman*, 104 N. C., 911; *State* v. *Harris*, 106 N. C., 682; *State* v. *Peters*, 107 N. C., 876.

Affirmed.