### THE STATE v. WRIGHT EDWARDS.

*Bastardy—Rules of Superior Court Practice.*

A bastardy proceeding is, in its principal features and purposes, a civil
action, and is within the operation of Superior Court Rule 24,
which provides that appeals from Justices of the Peace in civil
actions will not be called for trial unless the returns of such
appeals have been docketed ten days previous to the term.

This was a BASTARDY PROCEEDING, tried before a Justice
of the Peace on 23d of October. From his judgment an
appeal was taken and docketed in the Superior Court of
BLADEN on October 26th, 1891, being the first day of the
Term.

At that term, when the case was called for trial, before
*McIver, J.,* the defendant objected that, under Rule 24 of the
Superior Courts, the case could not stand for trial till next
term. The objection being overruled, the defendant excepted.
Trial was had, and the verdict and judgment being against
him, the defendant appealed.

*The Attorney General,* for the State.
No counsel for defendant.

CLARK, J.: Rule 24 of the Superior Courts is as follows:
"Appeals from Justices of the Peace in civil actions will not
be called for trial unless the returns of such appeals have
been docketed ten days previous to the term, but appeals
docketed less than ten days before the term may be tried by
consent of parties." The power of this Court to prescribe
its own rules is conferred by the Constitution, and is not sub-
ject to legislative control. *Horton* v. *Green,* 104 N. C., 400.
But the power lodged here to prescribe rules for the lower
Courts being conferred by statute—*The Code,* § 961; *Barnes*
v. *Easton,* 98 N. C., 116; *Cheek* v. *Watson,* 90 N. C., 302—is

subject to legislative modification. We find, however, no statute in conflict with this rule, and, being authorized by law, it has the force and effect of a statute. The rule is a reasonable regulation, that though, under *The Code*, §§ 565 and 880, the appeal stands ordinarily for trial at the first term, it must be docketed ten days before such term. *Sondly v. Asheville, ante,* 85.

It is, however, contended that bastardy proceedings do not come under this rule, it not being a civil action. It is true that proceedings in bastardy are somewhat anomalous. They begin by a warrant; a capias lies to enforce defendant's appearance (*State* v. *Green,* 71 N. C., 172); an indictment lies for escape against an officer who permits the escape of one arrested in such proceedings. *State* v. *Ritchie,* 107 N. C., 857. The defendant, even under the present Constitution, may be imprisoned for failure to give the required bond, or pay costs and fine (*The Code,* §32; *State* v. *Palin,* 63 N. C., 471), and a fine is imposed by the statute. But notwithstanding these peculiarities, it has always and uniformly been held that the proceeding is, in the main, civil in its nature. *State* v. *Peeples,* 108 N. C., 768. Either party has the right to appeal (*State* v. *Wilkie,* 85 N. C., 513); and the law of costs as to civil actions applies. *State* v. *Bryan,* 83 N. C., 611. In *State* v. *Carson,* 19 N. C., 368, it is held to be a police regulation, and not a criminal proceeding, and this is cited with approval in *State* v. *Brown,* 46 N. C., 129, and *State* v. *Higgins,* 72 N. C., 226. The true test between a criminal and a civil proceeding is, that in the former the act complained of will support an indictment, and in the latter it will not; hence a bastardy proceeding is civil in its essence. *State* v. *Pate,* 44 N. C., 244. This is cited and approved in *State* v. *Thompson,* 48 N. C., 365, and *Ward* v. *Bell,* 52 N. C., 79. It is pointed out that the object is not to punish the father, but to prevent the support of the child from becoming a public charge. *State* v. *Brown,* 46 N. C., 129; *Ward* v. *Bell, supra.* It is also held

that being a civil proceeding, each party has the right to challenge peremptorily four jurors.  *State* v. *Pate, supra.*

From a review of the authorities, it is clear that though the proceeding has some anomalous features, it has uniformly been held to be in its nature and essentially a civil action.  As such it comes within the purview of the rule relied on by the defendant, and in overruling his objection to going into a trial at that term, there was

