W. L. MYERS v. WILLIAM STAFFORD et al.

*Dissenting opinion of Associate Justice* CLARK (*filed after the case reported on page 234 of this volume was printed*).

CLARK, J.: I concur in the result, but dissent from so much of the opinion as holds that bastardy is a criminal action. The ten-dollar penalty, even if held to be a fine, pure and simple, and not a fiscal regulation, would be simply one criminal feature added to this anomalous proceeding, which has been often held to have both criminal and civil features, but to be, notwithstanding, purely a police regulation. *State* v. *Edwards*, 110 N. C., 511. I will merely add to what was said in the concurring opinion in *State* v. *Burton*, 113 N. C., 664, this consideration: that if the proceeding is now a criminal action it is difficult to see why the woman is not equally guilty with the man. If it is a crime she is a participant. To make it a crime merely makes it a substitute for the offence of fornication and adultery, but punishing the man alone. This, too, loses sight of the entire object of this law, which is a civil regulation

44

to provide for the support of the child and protect the
county from liability therefor. I cannot think that by
incidentally providing for a revenue of ten dollars to the
school fund (probably in view of the fact that the child
will require education from the public schools) the whole
nature of the procedure is made criminal, though the acces-
sory and participant, the woman, is not made indictable.
The statute certainly does not contemplate she should be,
yet why is she not if she is present aiding and abetting in
what is now held to be a criminal offence? ·