STATE and ESTHER GILLS v. EDWARD BALLARD.

(Decided May 3, 1898.)

### *Bastardy Proceedings—Criminal Action—Appeal—Practice.*

1. Neither the State nor the prosecutrix is entitled to appeal in a criminal action from a verdict or finding of "not guilty."

2. The General Assembly having, by Sections 35 and 38 of *The Code,* superadded to the civil penalties attaching to bastardy the legal consequences of a crime, the proceeding is criminal in its nature.

(CLARK, J., dissents *arguendo,* in which MONTGOMERY, J., concurs.)

PROCEEDING in bastardy heard before *Bryan, J.,* at Fall Term, 1897, of BERTIE Superior Court on appeal from a judgment of a Justice of the Peace adjudging the defendant to be not guilty. His Honor being of the opinion that no appeal, under the law, accrued to the prosecutrix or to the State, dismissed the action at the cost of the prosecutrix, who appealed.

*Mr. Zeb V. Walser, Attorney General,* for the State. No counsel, *contra.*

DOUGLAS, J.: This was a proceeding in bastardy begun before a justice of the peace, who held that the defendant was not guilty and was not the father of the bastard child. The State and the prosecutrix appealed from the judgment to the Superior Court, where the appeal was dismissed. In this there was no error, as neither the State nor the prosecutrix is entitled to appeal in a criminal action from a verdict or finding of not guilty. That bastardy proceedings, under the law as it now exists, are criminal in their nature has been repeatedly held by this court, and we see no reason to disturb its settled ruling. A mere change in the per-

sonnel in the members of the court affords no reason for a change in its interpretation of the law.   An individual judge, even if he might lean otherwise were it still an open question, would hesitate to overrule such repeated adjudications unless forced by the firm conviction that they violate some essential principle of substantial justice, or lead in their consequences to absurd or dangerous results.   In the case at bar, no such facts appeal to the conscience or the judgment of the court.   That bastardy proceedings may be civil in their nature, when stripped of all punitive features, and intended solely to provide for the support of the child, we are not disposed to deny ; but when the legislature sees fit to superadd all the legal consequences of a crime, the proceeding itself necessarily becomes criminal.   The mere fact that a fine is small in amount, does not affect the principle, as the fine might be enlarged to any degree that did not violate the prohibition of Article 1, Sec. 14, of *The Constitution*.

Section 38 of *The Code*, provides that if the defendant fails to pay the fine and allowance, "It shall be competent for the court to *sentence* such putative father to the house of correction for such time not exceeding twelve months, as the court may deem proper."   A "sentence" is the judgment of the court upon conviction for crime, and any proceeding that may end in a sentence is substantially criminal in its nature.   It must therefore give to the defendant all the legal and constitutional safeguards thrown around such actions.   To say that a man may be fined and sentenced to twelve months imprisonment at hard labor, on a purely *civil* proceeding, on the assumed ground that it is simply an exercise of the *police power* of the State, is too danger-

122—65

ous a doctrine to meet our approval. Where would it lead, or, rather, where would it stop? If applicable to bastardy, why not equally so to other petty misdemeanors, or even to crimes of a graver nature and heavier punishment?

The legislature has the power to make bastardy a crime, and as such to provide for its punishment, and this it appears to have done.

Section 35 of *The Code* provides that the defendant *shall* be fined, and in default of the payment thereof *shall* be committed to prison. Under that section the court is required to make an allowance to the woman; but it *shall* also punish the crime. Therefore, we cannot accept the suggestion that the fine is merely incidental to the proceeding, and may be eliminated therefrom without interfering with the nature of the action. Neither can we adopt the ingenious suggestion of counsel that the fine, being small, is in the nature of a tax. A tax upon what? All taxes must be levied upon the poll or upon property; or, in the nature of license, upon "trades, professions, franchises and incomes." *Constitution*, Art. V., Sects. 1 and 3. Its location within any of these provisions is beyond the *astutia* of the court.

· It is needless to cite authorities, as this question has been so recently considered by this Court in *State* v. *Ostwalt*, 118 N. C., 1208, cited in *McDonald* v. *Morrow*, 119 N. C., 666, 675, and *State* v. *Nelson*, *Ibid* 797, 799.

The judgment is affirmed.

CLARK, J., dissenting: It is true that by a divided court in *State* v. *Ostwalt*, 118 N. C., 1208, it was held that bastardy had been turned into a criminal offence because the legislature of 1879 had interpolated the provision now embraced in Section 35, of *The Code* that a

fine "not exceeding ten dollars" may be imposed for the benefit of the school fund. But the decision is so contrary to decisions on similar matters, so opposed to the intent and spirit of the entire chapter upon bastardy, and has been so destructive of the efficiency of the statute, and has overruled so long a line of decisions, that the court might well return to the ancient landmarks. There are so many reasons for this that it is only necessary to point out a few of them :

1. The "repeal of statutes by implication is not favored." This is a well settled rule of law, yet if a mere insertion of a "fine of ten dollars for the benefit of the school fund" has turned bastardy into a misdemeanor, there has been a repeal by implication of at least a dozen statutory provisions. First, There is the implied repeal of Section 36, making the limitation three years. Also, an implied repeal of Section 32, which gives the woman the right of appeal, an implied repeal of the provision that the woman's affidavit is evidence (since, if it is a criminal action, the defendant must be faced with his accuser) and in short a radical modification of the entire proceeding provided by Chapter 5, Volume 1, of *The Code*, entitled "Bastardy," including among other things the doctrine of reasonable doubt, disparity in number of challenges and liability of the county for fees of the solicitor.

2. In *State* v. *Crouse*, 86 N. C., 617, the point was expressly taken that the addition of the ten dollars fine had changed the proceeding into a criminal action, and it was held that it had not, and the many subsequent legislatures have therefore permitted the ten dollar fine to stand. Since the decision in Oswalt's case, only one legislature has met and its attention was probably not called to that decision. In *State* v. *Edwards*, 110 N. C.,

511, the court reviewed and affirmed the unbroken line of decisions which up to that time had uniformly held bastardy to be not a criminal action, but a civil proceeding in the nature of a police regulation to protect the public from the expense of maintaining the child. This is besides the patent meaning on its face of the chapter devoted to bastardy, which it may be noted has its special mode of proceeding, and it is not placed in the chapter on "Crimes." And there are many other decisions, not enumerated in *State* v. *Edwards, supra,* but all to the same effect, that bastardy is a civil remedy, among them *State* v. *Hickerson,* 72 N. C., 421, and *State* v. *McIntosh,* 64 N. C.,' 607 ; *State* v. *Waldrop,* 63 N. C., 507, and *State* v. *Thompson,* 48 N. C., 365.

3. But it is contended that the mere insertion of the words "ten dollars fine for benefit of public schools" revolutionized the whole proceeding and made it a criminal action. This had already been held otherwise in *State* v. *Crouse, supra.* But, if it had not, the courts must be consistent. *The Code,* Sec. 615, provides that in a *quo warranto* proceeding, the court may impose a "fine not exceeding $2,000," on the defendant. Has it ever been thought that this made *quo warranto* a criminal action? If not, by what process of reasoning does the insertion of the "fine not exceeding ten dollars" turn the proceedings in bastardy into a criminal action? *The Code,* Sec. 2075, regulating proceedings against County Commissioners for losses in the collection of taxes adds a fine of "not less than $500," yet it has not been held that in such cases the defendants are entitled to the protection of the doctrine of reasonable doubt, and disparity in challenges because it is a criminal action. *The Code,* Sec. 2703, renders the Sheriff liable to forfeit $2,000 to any one who shall sue for the

STATE *v.* BALLARD.

same, and also punishable by imprisonment in the penitentiary, but it has never been deemed that the action authorized by the first part of this section was thereby made a criminal proceeding. If, therefore, the ten dollar fine in bastardy permitted by Section 35 is considered as a separate matter, it should be held an independent action as in cases under Section 2703, and not an implied repeal of Sections 32 and 36, or, if it is 'merely collateral and incidental, it should be so treated as in *quo warranto* proceedings and in proceedings against the Sheriff to recover for failure to pay over taxes, in which last the $2,000 fine is simply added to the judgment (*Davenport* v. *McKee*, 98 N. C., 500) as heretofore the "ten dollar fine" has been always added to the $50 allowance to the woman, the latter being the kernel and object in bastardy proceedings.

There are many other sections besides those above enumerated in which a fine has been superadded to the main object of the proceedings, and in none of them has it ever been suggested even that the addition of the fine turned the action into a criminal proceeding. Upon what principle can it be held in bastardy proceedings, to the patent destruction of that remedy.

4. There is less occasion to do this as to bastardy than in any of the other cases, not only because a long line of decisions, both before and since the ten dollar fine was superadded, has uniformly held it to be a civil proceeding, but because changing it into a criminal action virtually destroys its efficiency. There is no need of it as a criminal statute, for we already have the criminal offence of fornication and adultery. It must also be noted that if bastardy is thus, by judicial construction, made a criminal offence, the woman is equally indictable as an accessory, being present, aiding

and abetting, and can no longer be prosecutrix, as the act contemplates that she shall be.

By the weight of authority elsewhere, bastardy has been recognized as a civil proceeding to enforce a police regulation (Bishop's Stat. Crimes, Section 691; 3 Am. & Eng. Enc. of Law, 2nd Ed., 874; 3 Ency. Pleading & Practice, 277; 2 McClain Crim. Law, Section 1186) as was uniformly the case in our own courts till the late radical departure from the recognized and well beaten track. With this experience of the danger of departing from it, we should return to the ancient landmark till it is removed by legislative enactment. Bastardy was held a civil proceeding in *State* v. *Edwards* 110 N. C., 511; *State* v. *Peebles*, 108 N. C., 768; *State* v. *Crouse*, 86 N. C., 617; *State* v. *Bryan*, 83 N. C., 611; *State* v. *Wilkie*, 85 N. C., 513; (all these cases being subsequent to the Act of 1879) *State* v. *Higgins*, 72 N. C., 226; *State* v. *Hickerson*, 72 N. C., 421; *State* v. *Waldrop*, 63 N. C., 507; *Ward* v. *Bell*, 52 N. C., 79; *State* v. *Thompson*, 48 N. C., 365; *State* v. *Brown*, 46 N. C., 129; *State* v. *Pate*, 44 N. C., 244; *State* v. *McIntosh*, 64 N. C., 607; *State* v. *Carson*, 19 N. C., 368, and "there are others."

MONTGOMERY, J.: I concur in the dissenting opinion.