## THE STATE *v* WILLIAM DRAKE.

The Superior Courts have jurisdiction of all offences except such as have been heard, or are pending, before a Justice, according to the terms of the Act of 1868–'9, c. 178.

An indictment for an act which is criminal when committed upon Sunday, must state that the act in question was committed upon Sunday; but if it do so, no exception can be taken to it for referring to the same day by a wrong day of the month.

It is immaterial that the indictment use the expression, "the Sabbath" instead of "Sunday."

(*State* v. *Williams,* 11 Ire. 400 ; *State* v. *Johnson, ante* 581, approved.)

INDICTMENT, for hunting with a gun upon Sunday, tried before *Watts, J.,* at Spring Term 1870, of NASH Court.

The indictment charged the offence to have been committed "on the 1st day of October 1868," &c., "on the Sabbath day," &c., &c.

A special verdict having been found in accordance with the indictment, his Honor gave judgment for the defendant, and the Solicitor for the State appealed.

*Attorney General* and *W. R. Cox,* for the State.
*C. M. Busbee, contra.*

SETTLE, J. This indictment is founded upon the act of 1868–'9, ch. 18, which enacts " that if any person or persons whosoever shall be known to hunt in this State on the Sabbath with a dog or dogs, or shall be found off of their premises, on the Sabbath, having with him or them a shot gun, rifle or pistol, he or they shall be subject to indictment, and upon conviction shall pay a fine not exceeding fifty dollars at the discretion of the Court,' '&c.

The first objection is to the jurisdiction of the Superior

Court : the defendant contending that, as the punishment does not exceed fifty dollars, the offence is cognizable only by a Justice of the Peace.

The general rule is, that the Superior Court has jurisdiction of all offences ; the exceptions to this rule are rare.

The act of 1868–'9, ch. 178, confers and regulates the jurisdiction of Justices of the Peace in certain cases, and provides that no justice shall have final jurisdiction to determine any criminal action or proceeding for any offence whatsoever, unless it shall appear on the complaint, and upon the proof before him:

"1. That the offence was committed within his Township,.

2. That the complaint is not made by collusion with the accused, and that it is made by the party injured by the offence,

3. That it is made within six months after the commission of the alleged offence. The complaint shall be in writing and under oath, but need not be in any particular form."

It certainly was not the intention of the Legislature to enact that, unless these prerequisites are complied with, the guilty parties are to go unpunished, and the Superior Courts are ousted of their general jurisdiction. The only purpose was, to confer a limited jurisdiction upon Justices of the Peace ; restricted within the narrow limits prescribed by the act. If from any cause the Justice of the Peace has not exercised his jurisdiction, the Superior Court takes cognizance by virtue of its general jurisdiction: *State* v. *Johnson*, *ante*, 581.

Again, it is objected, that, whereas the indictment charges that the defendant " on the first day of October 1869, &c., was found off of his premises on the Sabbath day, having with him a shot gun," &c., the said first day of October did not in point of fact fall on the Sabbath. Ordinarily the day

of the week need not be stated, but if the offence consists in doing a particular thing on Sunday, the indictment must aver that it was Sunday on which it was done: 1 Bish. Cr. Pro. 521. But the statement of the day of the month in an indictment for committing an offence on Sunday, though the doing of the act on that day is the gist of the offence, is not more material than in other cases; and hence if the indictment charge the offence to have been committed on Sunday, though it name as *the day of the month* one which does not fall on Sunday, it is good: Whart. Cr. Law, s. 263.

It was suggested upon the argument that the statute uses the word *Sabbath* instead of *Sunday,* which is the term usually employed in our previous legislation.

The words are not strictly synonomous; the one signifying Saturday, the seventh day of the week, the Jewish Sabbath; the other, the first day of the week, commonly called the Lord's day.

But, by common usage, the terms are used indiscriminately to denote the christian Sabbath, to-wit: Sunday.

In *State* v. *Williams,* 4 Ire. 400, RUFFIN, C. J., uses the words as synonymous.

There was error in the ruling of his Honor upon the special verdict.

This will be certified, &c.

PER CURIAM.                    Judgment affirmed.