STATE v. ANDY DAVIS and others.

*Fine and Costs—Personal property exemption not liable for.*

One committed for the fine and costs of a criminal prosecution, after remaining in jail twenty days, may be discharged upon taking the oath prescribed in Bat. Rev., ch. 60, § 31, that he has no estate above his personal property exemption.

(*State* v. *Manuel,* 4 Dev. & Bat., 20 ; *Cannady,* 78 N. C., 539, cited and approved.)

INDICTMENT for an Affray, tried at Fall Term, 1879, of WAUTAUGA Superior Court, before *Schenck, J.*

The defendant was convicted of an affray with one Samuel Brewer, and after sentence of a fine of ten dollars and costs, and committed until the fine and costs were paid, applied to take the oath of insolvency prescribed in section 31, chapter 60, of Battle's Revisal, the ten days' notice having been waived by the sheriff and other officers of the court. It was admitted by the defendant that he owned personal property, but not to the value of five hundred dollars, and upon his refusal to surrender the same for the payment of the fine and costs, the solicitor objected to his taking the oath ; and the court, holding that the constitution only applied to debts incurred by civil contract, and executions on such actions were alone contemplated by the constitution, and the refusal to pay the fine subjected the defendant to imprisonment as in bastardy cases, refused to allow the defendant to take the oath, unless he surrendered his personal property, and from this ruling the defendant appealed.

*Attorney General,* for the State.
No counsel for defendants.

ASHE, J.   The case presents the question whether a de-

fendant, convicted in a criminal prosecution and sentenced to pay a fine and be committed until the fine and costs are paid, is entitled to his homestead and personal property exemptions against such judgment. The law applicable to the case is to be found in Battle's Revisal, ch. 60, act of 1868–'69, as amended by the act of 1873–'74. It is there provided that " every person committed for a fine and costs of any criminal prosecution, after remaining in prison for twenty days, upon ten days' notice of the time and place of filing his petition, to be served on the sheriff or other officer by whom he was committed, might apply by petition to the court where the judgment against him was entered, praying to be brought before such court at the time and place named in the petition, and to be discharged upon taking the oath prescribed in section 31 of that chapter. It is further provided in section 30 of the act that " at the hearing of the petition, if such prisoner have no *visible estate*, and take the oath prescribed in the next section, the clerk of the superior court or justice of the peace before whom he is brought, shall administer said oath or affirmation to him and discharge him from imprisonment." The oath referred to is as follows : " I ——— do solemnly swear that I have not the worth of one dollar on any worldly substance above such *exemption as is allotted to me by law*, and that I have not at any time since my imprisonment, or before, directly or indirectly, sold or assigned or otherwise disposed of, or made over in trust for myself or my family, any part of my personal or real estate, whereby to have or expect any benefit, or to defraud any of my creditors."

It must be admitted, the question is not free from doubt. There seems to be a contradiction in the description of the person who may take the oath, to-wit, a " prisoner having no visible estate," and the provision in the oath prescribed " that he has not the worth of a dollar above the exemption as may be allotted him by law." The most reasonable con-

struction is, that it means having no visible estate of the value of one dollar above his exemptions. But what exemptions? If the fine imposed by the sentence of a court as a punishment for the offence of which a prisoner has been convicted in a criminal prosecution, is a debt, he would be most clearly entitled to withhold personal property to the amount of five hundred dollars as guaranteed by article ten, section one of the constitution ; and if he had no personal property in excess of that amount, he should be admitted to take the oath and be discharged. But a fine is not a debt, as has been expressly decided in the case of the *State* v. *Manuel,* 4 Dev. & Bat., 20, and *State* v. *Cannady,* 78 N. C. 539.

It is manifest, however, that it was in the contemplation of the legislature to allow some exemption to a prisoner committed in default of payment of a fine imposed by the sentence of a court in a criminal prosecution. It was the law before the adoption of the constitution of 1868. In section one, chapter 59, of the Revised Code, it was provided that a person committed for the fine and costs of any criminal prosecution, after remaining in jail for twenty days and giving the notice therein required, might be discharged upon taking the oath that he was not worth ten dollars, either in debts owing to him or otherwise, over and above the articles exempted by law from sale under execution. The oath prescribed in Battle's Revisal is substantially the same with that. The only material change is the phraseology used in regard to the exemptions. The person taking the oath prescribed in the Revised Code was entitled to reserve his exemption under the act of 1848, and in taking that required in Battle's Revisal he must be entitled to the exemption given by article ten, section one, of the constitution, or he is entitled to no exemption whatever ; for that was the only exemption of personal property which any one could claim by law at the time that oath was prescribed by the act of 1869 against

a debt contracted after the adoption of the constitution of 1868. And it is reasonable to suppose that the modification of the oath resulted from a purpose in the legislature to adapt it to the change made in the exemptions by the new constitution. Although a fine is not a debt, from the collection of which property was exempted by the constitution, yet it was perfectly competent for the legislature to provide that a prisoner committed for default in paying the fine and costs in a criminal action, might be discharged on taking an oath that he was not worth more than five hundred dollars. In this view of the case it matters not whether a fine is a debt or punishment, the defendant was entitled to an exemption of five hundred dollars' worth of personal property. We have considered this question not because it necessarily arose in the case, but for the reason that it appeared from the record the case was made up with the view of having the question decided by this court—whether the defendant was entitled to his discharge without surrendering his property.

But the defendant was not entitled to his discharge upon a different ground. He had not remained in jail the twenty days which the law requires before he can take the benefit of the act provided for his relief. In default of his paying the fine, he should have remained in jail twenty days, and then have given the ten days' notice required by the act, unless the notice was waived by the officers to whom it should be given. But the officers could not waive the imprisonment, nor had the judge the power to dispense with it. Whether the defendant had property or not, he must remain in jail the twenty days or pay the fine and costs. The law is im perative. There is no error. Let this be certified.

PER CURIAM.                                    Nor error.