STATE v. GILES.

*Bastardy Proceedings—Former Judgment—Constitution—Assent, when presumed Apt Time.*

1. The affidavit in a bastardy proceeding may be amended in the Superior Court, with the permission of the Judge, and there is nothing in the point that such amendments cannot be made, after the defects are pointed out by a motion to dismiss.

2. A former proceeding in bastardy, which was dismissed for want of jurisdiction, is no bar to a second proceeding based upon the same charge.

3. The fact of illicit intercourse with others, even when approaching a habit, does not, in the absence of other evidence tending to prove the falsehood of the charge, rebut the presumption given by the statute to the examination of the woman in bastardy proceedings. But it is otherwise, if habitual intercourse with another man, about the time the child must have been begotten, is proven.

4. Where, by statute, the Superior Court is authorized to try any case by *consent* at a term devoted exclusively to criminal actions, and a bastardy proceeding is regularly tried, the defendant making no objection until after verdict: *Held,* that in law the defendant is deemed to have assented to the trial, and his objection was not in apt time.

5. The statute regulating the judgment in bastardy proceedings, by which a fine of ten dollars and the payment of fifty dollars for the support of the child are imposed upon the defendant, and he is imprisoned until he makes payment, is constitutional, as the defendant can be relieved of the imprisonment under the insolvent debtor's law (*The Code,* § 2067).

BASTARDY PROCEEDING, tried before *Merrimon, J.,* at January (*criminal*) Term, 1889, of CUMBERLAND Superior Court.

The defendant appealed. The facts are stated in the opinion.

*The Attorney General,* for the State.
*Mr. F. J. Jones,* for the defendant.

SMITH, C. J. The defendant being accused, upon the oath of Mary J. Warren, made before a Justice of the Peace of Cumberland County, of being the father of a bastard child born of her body, upon a warrant issued by such Justice, was arrested and brought before him for the purpose of inquiring into the truth of the charge. Upon the trial of the issue of paternity, it was found against him, and from the judgment the defendant appealed to the Superior Court.

At the trial of the issue at March Term, 1889, of the Superior Court of Cumberland, the jury returned a similar verdict, and thereupon it was adjudged, " that the defendant pay a fine of ten dollars; that he pay all the costs of this case, and that he pay also into Court, for the benefit of Mary J. Warren, the sum of fifty dollars, thirty dollars of which is to be paid in cash and the balance in installments of ten dollars cash each year hereafter, until the full amount be paid ; and that he give bond in the sum of two hundred dollars, with sufficient sureties, to indemnify the county of Cumberland against the maintenance of the child, and he is ordered into the custody of the Sheriff until this order is complied with." From this judgment the defendant appeals, assigning the various errors set out in the transcript of the case on appeal.

When the cause was called for trial the defendant moved to quash the proceedings upon several grounds :

1. For a variance in the name of the mother as she is designated in the affidavit and the warrant, in the first being called Mary K. Warren, and in the latter Mary Jane Warren.

2. For that the affidavit fails to allege that it is made voluntarily, or that affiant is a single woman ; and

3. For that it also omits to aver that the child is likely to become a county charge, or upon what particular county it may become a charge.

Thereupon, leave was given to amend in these particu-

lars, which being made, the motion to quash was denied, and the defendant excepted to the rulings, both in refusing the motion and allowing the amendments.

The affidavit and warrant to which the objections apply are not found in the record, and we must therefore accept the statement of what they contain as set out in the specifications of the appellant as correct, and we must also assume that the amendment allowed in the affidavit was with assent of the affiant and truthful in fact, so that the only question is as to the power of the Court to permit amendments that remove the grounds of the appellant's objections.

Without considering the consequences of a variation in the middle name, or the letter as an initial representing it, when the rightful christian and surname are given, in the absence of any evidence, or suggestion even, that both names do not designate one and the same person, or that either is borne by any one else. the defect, if any, is remedied by the permitted correction.   The possession of the power of the Court to correct such inadvertences, and to allow much more serious amendments, and even at a later stage in the case, is so well understood and settled in this State in civil actions, as not to require from us the production of decided cases.   They will be found in Seymour's Digest, under title Amendment, to which we will only add *State* v. *Smith*, decided at the present term.

There is no force in the argument, that an amendment that removes objections, valid in the form of the affidavit, as then existing, must be made before they are taken, and cannot be made afterwards, since it is precisely for such a purpose the power is conferred, to be exercised in furthering the ends of justice, at the discretion of the Judge, in order that such as are trivial, and do not affect the substantial and understood matters in controversy, may be removed.   *The Code*, §§ 269, 270.

The defendant produced the record of a previous proceeding, instituted against him upon the same charge, and dismissed when carried to the Superior Court, as a bar to this.

We have but a fragment of this case, and it is confined to what transpired in the cause after it reached the Superior Court, none other being sent up. It is very imperfect and inconsistent in itself even, for it appears therefrom that a jury, whose names are mentioned, was impaneled, "to try the issues of traverse, joined between the State and the defendant," and the verdict rendered is that, "the defendant is guilty, as charged in the bill of indictment." Then follows this entry: "Motion to quash for want of jurisdiction. Motion allowed." The explanation furnished in the case transmitted to this Court is, that the issue was as to the paternity of the child, and that at the trial it was shown that the said Mary Jane was born and had resided in Sampson County until her child was two months old, when she removed to Cumberland, and within twelve months thereafter made an affidavit charging the defendant with being its father, upon which that proceeding was based.

Upon the ground, as we understand, that the mother, not having resided in Cumberland for a year, had not acquired a settlement therein, so that the child had not become a county charge, the jurisdiction did not then reside in the county. *The Code*, § 3544. The year had, however, expired before the present proceeding was initiated, and the former interposes no obstacle to the exercise of the jurisdiction that now does attach to try the cause upon its merits. ·

In the course of the trial, to which the defendant assented, after his motion was overruled, the defendant proposed to put to the witness W. M. Warren, then undergoing examination, the following interrogatory: "Were you with Mary J. Warren in a certain field, where one B. A. Strickland was to meet her for illicit intercourse, upon a prior engagement, and you, being there, prevented her from carrying out the engagement?"

Upon objection from the State the question was disallowed, and the defendant excepted, at the time stating that the evidence was sought to impeach her character as a witness.

A question in relation to an attempted intercourse between the same parties on another occasion was proposed, and in like manner ruled out.

The answer to these exceptions is found in the fact that illicit intercourse with others, and even when approaching a habit, does not, unconnected with other evidence tending to show the falsehood of the charge, of which none appears, rebut the presumption given by the statute to the examination of the woman, and hence the defendant has not been made to suffer harm from the rejection of the evidence. This is decided in *State* v. *Bennett,* 75 N. C., 305, and in *State* v. *Parish,* 83 N. C., 613.

It would have been otherwise if the proof had been of habitual intercourse with another man about the time when, in the course of nature, the child must have been begotten, as held in *State* v. *Britt,* 78 N. C., 439.

So, too, as the *effect is given* to the examination without discrimination as to the misconduct or reputation of the woman making it (for, indeed, the very cause discloses the want of virtue), neither would these repel the statutory presumption, alone and unaided, and there was no error in refusing the evidence offered for the purpose stated.

The defendant further objects to the assumption and exercise of jurisdiction at the term of the trial, because, by law, it is devoted to criminal actions only, and moved to set aside the verdict for this cause. This objection comes too late after trial, as it involves acquiescence and consent.

The act distributing the Superior Courts among the districts, after the increase in their number to twelve (Acts 1885, ch. 180), provides for the holding of four terms of the courts in the county of Cumberland for the trial of criminal cases,

and two terms of two weeks each for the trial of civil cases alone, designating the time of each.

But an amendment was made by the act of January, 1887, ch. 37, to the clause appointing the terms for this county, by superadding thereto as follows: "That any and all civil process may be made returnable to any term of the Courts for Cumberland, and after the criminal business is disposed of at any term set apart for the trial of criminal cases, the Court shall proceed to hear and determine all civil cases which do not require the aid of a jury, *and may try, by consent of parties, any jury cause at said criminal terms.*" When a motion is not opposed, which should be if any objection exists to its being granted, it is deemed to be assented to, as held in *Atkinson* v. *Whitehead*, 77 N. C., 418, and subsequent cases following it. Much more does the voluntary entering upon the trial before the jury give, if not express and direct, an implied assent to the jurisdiction assumed and exercised.

The remaining exception is to the judgment itself as inconsistent with the Constitution, though following the statute, in that it imposes upon the defendant the payment of fifty dollars for the use of the woman, and a fine of ten dollars besides, and imprisons for an indefinite period in case of default in making payment. The fine is *quosi* penal, but the payment of the residue is not, and the proceeding is not in the exercise of a criminal, but of a civil, jurisdiction in providing for the present support of the child, and an indemnity to the county in case of its becoming a further public charge. The commitment is in the usual form to secure obedience to its order, not, as the objection has it, "for confinement" in the house of correction for the term of twelve months, as might have been done under sec. 38 of *The Code.*

The error in the contention consists in regarding the requirement of the payment of these amounts, and an enforcement by imprisonment, as an award of punishment

for a criminal offence, which in no sense they are, unless. the ten dollars fine may be so considered. It is but the exercise of a power to compel obedience to the order of the Court,. and an imprisonment from which the party may be relieved under the insolvent law, as if committed for fine and costs in a criminal prosecution. *The Code,* sec. 2067; *State* v. *Davis,* 82 N. C., 610; *State* v. *Bryan,* 83 N. C., 611. There is no error, and the judgment is affirmed.

No error.                                    Affirmed.