## STATE v. WALTER .WYNNE.

*Bastardy—Jurisdiction—Judgment—Constitutional Law.*

1. The Statute (Sec. 35 of *The Code*) imposing a fine for begetting a bastard child, makes the act a criminal offence.
2. The limiting the punishment for bastardy to a fine of $10 confers upon Justices of the Peace exclusive jurisdiction for twelve months after the commission of the offence; after that period the Superior and Criminal Courts have concurrent jurisdiction under Sec. 892 of *The Code*.
3. The offence of bastardy is completed when the child is begotten.
4. The provision that the Court, in bastardy proceedings, may, in addition to a fine, compel the defendant to pay an allowance to the mother, is not unconstitutional as authorizing imprisonment for debt.
5. Under Section 32 of *The Code* authorizing the Court, in bastardy proceedings, to commit defendant "until he find surety," such a judgment, though conditional, is valid.

INDICTMENT for bastardy, tried at January Term, 1895, of FRANKLIN Superior Court, before *Coble, Judge.* The indictment is in substance as follows : " The jurors, &c., present that Walter Wynne, on the 4th of October, 1893, in and upon the body of one Mary Neal did wilfully and unlawfully beget a bastard child, she the said Mary Neal being then and there an unmarried woman, and the said bastard child, as begotten by said Walter Wynne, having been born alive on the fourth day of July, 1894, still lives and is likely to become a county charge, and he the said Walter Wynne then and there refused to provide for the maintenance of said child, against the form of the statute, &c." The defendant's counsel contended that the court did not have jurisdiction of the offence, as will more fully appear from the opinion of the Court. Upon the trial the defendant was convicted and appealed from the judgment pronounced.

*The Attorney General*, for the State.
*Mr. N. Y. Gulley*, for the defendant (appellant).

AVERY, J.: The statute (*Code*, Sec. 35) by imposing a fine for begetting a bastard child, makes the act a criminal offence. *State* v. *Parsons*, 115 N. C., 730; *State* v. *Burton*, 113 N. C., at page 655; *Myers* v. *Stafford*, 114 N. C., at page 240. The limiting of the punishment to a fine of ten dollars *ipso facto* confers exclusive original jurisdiction of the criminal offence upon the courts of justices of the peace for twelve months from the time when the offence is committed (Laws 1889, Ch. 504); but after the lapse of a year, the concurrent jurisdiction of Superior and Criminal Courts attaches under the provisions of *The Code*, Sec. 892.

When is the criminal offence complete? It is clearly when the child is begotten, because the mother as soon as she becomes conscious of her pregnancy is allowed to complain (*Code*, Sec. 32) and procure the issuing of a warrant, upon which the accused may be arraigned and tried immediately on being brought before a justice of the peace, unless the justice shall deem it proper to grant him a continuance. *Code*, Sec. 34. Following the principle announced in *State* v. *Burton, supra*, the Court said in *Myers* v. *Stafford, supra*, that " the question being now presented in such shape that it is necessary to be decided, we are of the opinion that the *begetting* of a bastard child has become a *petty misdemeanor*." It was demonstrated in *State* v. *Burton, supra*, "that a fine can only be imposed for a crime or misdemeanor or a contempt."

The charge embodied in the indictment and sustained by the proof upon which the defendant was found guilty was that he "on the fourth day of October, in the year of our Lord one thousand eight hundred and ninety-three, in and upon the body of one Mary Neal did wilfully and unlawfully

beget a bastard child, &c." The indictment was sent and returned a true bill at January Term, 1895, of the Court, more than twelve months after the child had been begotten and the offence had become complete. Construing *The Code*, Sec. 892, with the amendatory act of 1889, prolonging the period for the exercise of exclusive original jurisdiction by the justice from six to twelve months, we can not escape the conclusion that after one year from the perpetration of the petty misdemeanor of begetting a bastard child, that, like all other offences, for which no .greater punishment can be imposed than a fine of fifty dollars or imprisonment for one month, becomes cognizable in the Superior Court as well as before a justice of the peace, until the prosecution is barred by the lapse of time.

The plea of not guilty necessarily involves the question of paternity, upon which the finding, on the issue raised by it, depends. When, therefore, the defendant is convicted of the criminal offence, the incidental authority to enforce the police regulation as pointed out in Parson's and Burton's cases, *supra*, is immediately vested in the Court that takes cognizance of the misdemeanor. The power of the Court to imprison for fine and costs as well as for non-payment of the allowance, and the relation sustained by the mother of the bastard and of the County Commissioners to the judgment were fully discussed in *State* v. *Parsons, supra*. The incidental authority to enforce the police regulation is expressly conferred by statute, and there can be no reasonable doubt about the power of the Legislature in the premises. At common law, in addition to the infliction of punishment of fine and imprisonment for a public nuisance, the Court might order that the nuisance be abated. 2 Wharton Cr. Law (7th Ed.) Sec. 2377. So that, to clothe the Court with some incidental power to further provide for the public protection, after making an example of the offender, is to

neither transcend the limit of legislative authority nor to depart from the practice prescribed in other cases.

The learned counsel for the defendant referred on the argument to a warrant, but the record sent up is entirely consistent with the idea that the prosecution had originated in the Superior Court by the sending of the indictment after that Court had concurrent jurisdiction. If we could conceive, therefore, of any principle upon which the fact of the assumption of jurisdiction by a justice, where neither the pendency of a prosecution nor the judgment of that court had been pleaded or set up in bar, would defeat the jurisdiction of the Superior Court to try after the lapse of twelve months from the commission of the offence (*State* v. *Drake*, 64 N. C., 589) we can take no judicial knowledge of matters outside of the record.

By permission of the Court the defendant's counsel has been allowed, since the foregoing was written, to present to the Court some additional reasons for maintaining that there was error below. The statute (*Code*, Sec. 31) restricts the right of justices of the peace to issue warrants for bastardy, to cases where the affidavit is made voluntarily by the mother, or upon certain grounds set forth by a County Commissioner, just as the Act of 1868 made it a condition precedent to the exercise of jurisdiction in case of assault and battery that it should appear by affidavit that there was no collusion between the complainant and defendant. But the Superior Court is a Court of general jurisdiction, and there being nothing upon the face of the record to oust its authority, it must proceed to try, when a defendant is arraigned for an offence and it appears from the indictment itself that a justice's court no longer has the exclusive right to take cognizance. The rule finds illustrations in those cases where a more serious assault is charged and the proof sustains only a conviction for such an assault, as

is, at the time, within the exclusive jurisdiction of a justice. State v. Cunningham, 94 N. C., 824; State v. Fesperman, 108 N. C., 770; State v. Speller, 91 N. C., 526; State v. Ray, 89 N. C., 587; State v. Russell, 91 N. C., 624. The authority of a justice of the peace to take cognizance of criminal actions is special, conferred at the discretion of the legislature under a well-defined power given in the Constitution, Article 4, Section 27. State v. Jones, 100 N. C., 438. There is a presumption in favor of the rightful authority of a court of general jurisdiction, when upon the face of the record it appears to have cognizance. The authority of a justice of the peace, on the other hand, is not based upon any principle of the common or organic law delegating and fully defining it, but upon the discretionary exercise of a restricted power by the legislature. The consequence is that it must always appear affirmatively that the legislature has followed strictly its power of attorney in delegating judicial authority, and that the Court upon which it is conferred has kept within the limits prescribed by the statute. Bastardy being a criminal offence, prima facie, therefore the Superior Court has jurisdiction of it. If, by virtue of the Constitution, Article 4, Section 27, the legislature has restricted for a time the authority of the higher Court and delegated a portion of it to the inferior jurisdiction, the latter must, like an attorney in fact, show that it has pursued the letter of its power in order to establish its right to exercise it. Because the legislature has hedged the justice's authority about with conditions precedent, such as the making of a particular sort of affidavit by a specified person or officer, it does not follow that the higher Court, which has under the Constitution jurisdiction of all offences except such as for a time have been placed under the control of an inferior tribunal by virtue of a restricted authority, shall not resume its constitutional

power when the time for which the exclusive jurisdiction was delegated, has expired.

· Under the express language of the statute (*Code*, Sec. 32) authority is given the Court to commit a defendant convicted of begetting a child, "until he find surety" to a bond conditioned for the indemnity of the County and to perform the order of the Court. Though the general principle is, as stated by counsel, that conditional judgments are void, yet should we concede that the judgment here is conditional, it is just such a judgment as is authorized by statute. If the Court had attempted to delegate its authority, as in the case of *Strickland* v. *Cox*, 102 N. C., 411, the order would have been unconstitutional and void because there is no warrant in the Constitution for delegating such power. It has been repeatedly held by this Court that the enforcement of such a police regulation was not within the inhibition of the Constitution in reference to imprisonment for debt. *State* v. *Burton, supra.* So that there is no reason why the Legislature should not modify a principle of the common law, if it has done so, in this case, provided it keeps within the purview of its own authority.

We can conceive of but one question of practice, in cases of this kind, that is not fully settled by recent adjudications, and to anticipate that now would be to give an *obiter* opinion.

There was no error and the judgment is affirmed.

Affirmed.