## STATE v. CHARLES MIZE.

*Bastardy—Jurisdiction of Justice of the Peace.*

A justice of the peace has by the express terms of Section 31, of *The Code*, jurisdiction to try a bastardy proceeding commenced by the voluntary affidavit of the mother.

BASTARDY proceeding, tried *de novo* before *Brown, J.*, and a jury, at July Term, 1895, of ALEXANDER county, on appeal from a justice of the peace. The defendant was convicted and moved to quash the proceeding and in arrest of judgment upon the ground that the justice of the peace

had no jurisdiction.   The motion was refused and defendant appealed.

*The Attorney General* and *R. B. Burke,* for the State. No counsel, *contra.*

FURCHES, J.:   This is a proceeding in bastardy, commenced before a justice of the peace upon the voluntary affidavit of Amanda Pool, the mother of the bastard.   Upon the trial before the justice the defendant was found to be the father, and upon judgment being pronounced, appealed to the Superior Court.   In that court the defendant pleaded not guilty, a trial was had, and verdict of guilty having been returned by the jury, "the defendant moved to quash the proceedings and arrest the judgment upon the ground that the justice of the peace had no jurisdiction."   The case was not argued in this Court for the defendant, and we are not informed upon what reasoning he has arrived at the conclusion that the justice had no jurisdiction.   The Statute—*Code,* Section 31—in express terms confers this jurisdiction upon justices of the peace.   It is true that it provides that the proceeding must be commenced by the voluntary affidavit of the mother or it may be in certain cases commenced by the county commissioners.   But in this case the proceeding was commenced by the mother in the manner prescribed by the statute.   And this jurisdiction of the justice has been sustained by this Court in *State* v. *Wynne,* 116 N. C., 981.   The judgment must be affirmed.

Affirmed.