STATE AND HATTIE WILLIAMS v. EDGAR NELSON.

*Bastardy—Criminal   Action—Default  in   Payment  of*
*Fine   and  Allowance—Commitment  of  Justice  of  the*
*Peace—Jurisdiction.*

1. The begetting a bastard child is a criminal offence under Section 35 of *The Code.*

2. Under Section 38 of *The Code* a Justice of the Peace, in the exercise of the police power, may sentence the defendant to imprisonment for a term exceeding thirty days, to which period, in ordinary criminal cases, his jurisdiction is limited by Section 27 of Article 4 of the Constitution.

3. The judgment of a justice of the peace in imprisoning a defendant in bastardy proceeding for default in payment of the fine, allowance and costs must fix the limit with a view to securing their payment; hence, where defendant was in default only for a fine of $10 and an allowance of $50 to the mother of the bastard, a sentence to imprisonment at hard labor for twelve months was excessive.

WARRANT for bastardy, issued by W. M. Russ, a Justice of the Peace of Raleigh Township, in Wake County, on the oath of Hattie Williams.

The defendant, on being brought before the Court, plead guilty to the charge, and thereupon the following judgment was entered up against him:

"It is ordered and adjudged that the said Edgar Nelson pay, as allowance to the use of the said Hattie Williams, the sum of fifty dollars, a fine of ten dollars and $25.40 costs of this action, the said allowance, fine and costs to be paid into this court immediately, and that the said Edgar Nelson enter into bond in the sum of $100, with surety to indemnify Wake county against any and all charges for the maintenance of the said bastard child. It is further adjudged that in default of compliance with

the foregoing judgment the said Edgar Nelson is in contempt of court, and under and by virtue of the police power of the State, and as authorized by Section 38 of *The Code*, it is ordered and adjudged that the said Edgar Nelson be committed to the House of Correction of Wake county for the term of twelve months, with authority to the Commissioners of said county to work him on the public roads of the county, and that the sum of six dollars per month allowed for the labor of the said Nelson, be paid into this Court in satisfaction of the said allowance, fine and costs. And in default as aforesaid the said Edgar Nelson is this day committed to jail with a copy of this judgment, to be with him delivered to the Superintendent of the Wake County House of Correction ; also a copy of said judgment, to be delivered to the clerk of the Board of Commissioners."

From said judgment the defendant took no appeal, and thereupon on the_____day of_____, 189____, he was committed to the workhouse of Wake county, to work on the public roads according to the said judgment.

On the 15th day of July, 1896, the defendant filed a petition before His Honor *Judge Boykin* for a Writ of *Recordari*, to be directed to W. M. Russ, J. P., requiring him to certify the record in this case to the Superior Court. This order of the Superior Court having been complied with by Justice Russ, His Honor *Judge Boykin*, on July 17th, 1896, after an inspection of the record and argument of counsel for the petitioner and for the State, adjudged that the imprisonment of the said Nelson was illegal and in contravention of Article IV., Section 27, of the Constitution, and ordered that, upon compliance by the defendant with Chapter 27, Vol. 2 of *The Code*, he be discharged from custody, and from this judgment the State and Hattie Williams craved an appeal, which was granted.

The State and Hattie Williams alleged that the order of

His Honor *Judge Boykin* was illegal in that : 1st, His Honor should have remanded the prisoner before Justice Russ and directed him to have entered up the proper judgment according to law. 2d, For the reason that the order from the Justice of the Peace imprisoning the defendant for twelve months, under Section 38 of *The Code*,was not a punishment but an exercise of a *police power*, and was, therefore, legal and not in excess of the jurisdiction of the magistrate.

The *Attorney General* and *Messrs. Harris* and *Johnson*, for plaintiffs (appellants).

*Messrs. W. L. Watson* and *A. B. Andrews, Jr.*, for defendant.

AVERY, J. : It seems to have been definitely settled by the adjudications of this court :

1. That the Act of 1879 (*The Code*, Sec. 35), made the begetting of a bastard child a criminal offense, cognizable for twelve months after it is committed exclusively before a justice of the peace, and punishable by fine of ten dollars. *Myers* v. *Stafford*, 114 N. C., 234; *State* v. *Burton*, 113 N. C., 655 ; *State* v. *Wynne*, 116 N. C., 981 ; *State* v. *Ostwalt*, 118 N. C., 1208.

2. That the same act confers upon the court before whom the offender may be tried the incidental authority to enforce the police regulation as provided by law. *State* v. *Parsons*, 115 N. C., 730 ; *State* v. *Wynne*, 116 N. C., 981 at p. 983.

3. That a judgment for fine and costs, or for an allowance for the mother of the bastard, is not a debt arising out of contract, to which the protection afforded by the inhibition of the Constitution, Art. 1, Sec. 16, extended, but is rendered as a means of enforcing a legal obligation and duty imposed by the Legislature under the police power of the State upon one who is responsible for bringing into

existence a bastard child that may become a burden to society. *State* v. *Cannady*, 78 N. C., 539 ; *State* v. *Parsons, supra; State* v. *Manuel*, 4 *D. & B.*, 20.

It is conceded that in the exercise of the criminal jurisdiction of a justice of the peace, with which the law clothes the Mayor, by virtue of his office, he had no authority to sentence the defendant to imprisonment for twelve months as a punishment, because he could not under the Constitution, Art. 4, Sec. 27, take cognizance of any offence the punishment whereof could exceed a fine of $50 or imprisonment for thirty days, and for the further reason that the Legislature had not attempted to exceed its authority, but had limited the punishment for bastardy to a fine of $10.   But the Act of 1879 (*The Code*, Sec. 35) provides not only that upon conviction or submission the defendant *shall be fined not* exceeding the sum of $10, but that " the court *shall make* an allowance to the woman not exceeding the sum of $50, to be paid in such installments as the judge or justice shall see fit, and he shall give bond to indemnify the county, as provided in Section 32, and in default of such payment he shall be committed to prison." In Section 38 of *The Code*, under the authority of which the judgment of the court was rendered, it is provided that " in all cases arising under this chapter (5) when the putative father shall be *charged with costs* or the *payment of money for the support of a bastard child and* such father shall by law be subject to be committed to prison in default of paying the same, it shall be competent for the *court to sentence* such putative father to the house of correction for such time, *not exceeding twelve months, as the court may deem proper*," with a proviso that instead of being committed to prison the putative father may at his discretion bind himself as an apprentice " for such time and at such price as the court may direct," " instead of being committed to

prison or to the house of correction." In *State* v. *Yandle*, at this term, it was held that in order to provide for the payment of a judgment for fine and costs rightfully pronounced against one convicted of crime, the defendant, as incident to such judgment, may be required by order of the Board of Commissioners of the county wherein he is convicted to work on the public streets, public highways or public works. *Code*, Sec. 3448; *Myers* v. *Stafford, supra*. But it is insisted that this is not a judgment for fine and costs alone, but also for an allowance, and that a judgment for the imprisonment of the defendant for twelve months on default of paying the fine, costs and allowance, under Section 38 of *The Code*, is in violation of Section 27, Article 4, of the Constitution, which fixes the limit to the punishment that a justice of the peace may impose. The question to be decided, therefore, is whether it is competent for the Legislature to authorize a justice of the peace, instead of a County Commissioner, to order one convicted of bastardy and who is unable to pay the fine, cost and allowance, to work upon the public roads, not as a punishment for the offence, nor as an incarceration for a debt contracted by him, but in the enforcement of a duty or obligation he owes to society to protect the State or the County, one of its governmental sub-divisions, against the probable consequences of his own conduct. *State* v. *Yandle, supra*. When the defendant committed the offence of begetting the bastard child, he acted in contemplation of the fact that the law authorized a justice of the peace to impose, as a punishment, a fine of not exceeding ten dollars, as well as to fix the allowance for the mother so that it should not exceed fifty dollars. Had he paid the allowance, he could nevertheless, on failure to pay the judgment, for fine and costs, have been required as in other criminal cases to work upon the public highways for a time prescribed by

119—51

the Commissioners (presumably with a view to the pay-
ment of the amount due).   If the Legislature was author-
ized, as an incident to the judgment and in the exercise of
its general police power, to provide for the protection of
the public by compelling the defendant to work out the
costs and fine, why was it not competent to clothe the
justice of the peace or the judge imposing the sentence,
where it should appear that the person convicted would
not pay fine, costs and allowance for the support of a bas-
tard, with power to fix the time of confinement at hard
labor with a view to discharging the amount, which he is
under obligation to pay for the protection of the public?
The alternative offered the defendant, who is unable to pay
the money, of being apprenticed " for such time and at
such price as the court may direct " is plainly indicative
of the legislative intent that whether the court should be
called upon to fix a time for the work on a highway, or to
determine the limit of the apprenticeship, the period should
be prescribed upon the idea that it ought to be long enough
for the criminal to earn by his labor a sum sufficient to
pap the amount rightfully claimed by the State, in order
to protect the public against the probable consequences of
his infringement of the law.

While it seems to be settled that it is competent for the
Legislature, in the exercise of its general police power, to
protect the public by permitting either County Commis-
sioners or justices of the peace to fix such limit of con-
finement at hard labor as will enable a defendant to pay a
fine due to the State or cost, to its officers or an allowance
made to support a child that, without it, might become a
charge to the public, it must be admitted that imprison-
ment for a term longer than was necessary to pay a fine,
costs and allowance by laboring at the wages per month
mentioned in the order ($10) savors rather of the nature

STATE *v.* NELSON.

of punishment than a purpose to protect the public against costs. It may be that a term of hard labor could lawfully exceed the precise number of days or months necessary at a known compensation to discharge what is due to the State and the mother, because some allowance might be made for contingencies, such as loss of time. But it seems in this case that the time is far beyond the period requisite to earn the fine of ten dollars, the allowance of fifty dollars and the costs. Conceding, therefore, that imprisonment under the police regulation for the purpose of protecting the public is not within the constitutional inhibition against imprisonment for debt, nor a violation of Sec. 27, Art. 4, of the Organic Law, it is nevertheless clear that not only must a statute, purporting to have been passed under the police power, upon its face grant the authority to imprison for police purposes (as Section 38 of *The Code* does), but that the officer, who is the donee of the power, must keep within the provisions of the law and avoid the error of punishing the defendant beyond what is reasonably necessary in order to compel the discharge of his duty to the public.

There was error in the ruling of the court below that the judgment of the justice of the peace was in violation of Section 27, Art. 4, of the Constitution, except in so far as the term of hard labor was fixed so as grossly to exceed the period necessary for earning the sum due as costs, fine and allowance. The case should have been remanded to the mayor, who tried it originally, to modify his judgment so as to correct this error. The declaration in the judgment of the mayor that the defendant was in contempt of court was merely surplusage, since it was followed by the recital that the court was acting by virtue of the authority vested in it by Section 38 of *The Code*, which has been already quoted.

STATE *v.* AMIS.

If the imprisonment would have been illegal therefore, had it been imposed as a punishment either for contempt or for the criminal offence of begetting a bastard child, it was in fact unauthorized by law, when the court expressly declared that its action was taken in pursuance of the provisions of Section 38 of *The Code*, and was careful not to transcend the limit of the power therein conferred upon it.

For the reasons given the judgment ought to be so modified as to remand the case to the mayor, with instructions to proceed to judgment and to alter the judgment already entered by him, so as to fix the limit of imprisonment with a view, not to the punishment of the defendant, but to securing the payment of the costs, fine and allowance. Judgment modified and affirmed. .

Affirmed.